**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO CRUZ MARTINEZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-239 <br><br> Agency No. A200-950-694 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2024**
Pasadena, California

Before: TALLMAN, IKUTA, and OWENS, Circuit Judges.

Francisco Cruz Martinez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from

an Immigration Judge's ("IJ") denial of voluntary departure. As the parties are

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

familiar with the facts, we do not recount them here. We dismiss in part and deny in part the petition for review.

"Although we lack jurisdiction to reweigh the agency's exercise of discretion in denying voluntary departure, *see* 8 U.S.C. § 1252(a)(2)(B)(i), we do have jurisdiction to review 'constitutional claims or questions of law in challenges to denials of voluntary departure under [*id.*] § 1229c.'" *Zamorano v. Garland*, 2 F.4th 1213, 1221 (9th Cir. 2021) (citation omitted). For example, "we have jurisdiction to review whether the BIA and IJ failed to consider the appropriate factors or relied on improper evidence." *Id.* (citation omitted).

To the extent that Cruz Martinez asks us to reweigh the agency's exercise of discretion in denying voluntary departure, we lack jurisdiction under § 1252(a)(2)(B)(i). *See id.*

To the extent that Cruz Martinez argues that the agency improperly relied on his arrest for sexual assault as a matter of law, we have jurisdiction. *See id.* However, Cruz Martinez failed to exhaust this issue before the BIA. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (noting that administrative exhaustion under 8 U.S.C. § 1252(d)(1), while not jurisdictional, is a claim-processing rule that the court "must enforce" when it is properly raised).

**DISMISSED IN PART AND DENIED IN PART**.